PIERCE and others *v.* TOWN OF ST. ANNE.

(*Circuit Court, N. D. Illinois.* January 31, 1887.)

1. PLEADING—SURPLUSAGE—INSUFFICIENT EVIDENCE SET OUT.
    Where, in an action on town bonds, the declaration sufficiently avers the facts required by the state constitution to validate the issuing of the bonds, and the town clerk's certificate of such facts, made a part of the complaint, is insufficient, this insufficiency is not a ground of demurrer, since it is only evidence of the facts pleaded, and mere surplusage.

2. SAME—PARTIES—LEGAL TITLE.
    The declaration, showing that the plaintiffs were the legal owners of the bonds, is not demurrable by reason of the fact that it also shows that other persons than the plaintiffs were the equitable owners of the bonds.

At Law.

*Thomas S. McClelland,* for plaintiff.

*H. Loring, C. R. Starr,* and *Thomas P. Bonfield,* for defendant.

BLODGETT, J., (*orally.*)   This is a suit to recover upon an alleged issue of bonds by the defendant town to aid in the construction of the Chicago, Danville & Vincennes Railroad, and defendant, by a demurrer to the declaration, raises the question whether a cause of action is made out by the declaration.   The pleader has set out at length, not only the statutes of Illinois, whereby it is claimed the town was empowered to issue the bonds in question, but also the steps taken to call a town meeting to vote upon the question of issuing the bonds, and the action of such meeting sanctioning and authorizing such issue, with what seems to me ample averments of the performance of all the conditions precedent required to make a valid issue of bonds.   The defendant contends that, as the al-

leged issue of bonds was made after the constitution of 1870 took effect, it is incumbent on the plaintiff to show that all the conditions precedent were complied with, and undoubtedly this position is well taken. As the demurrer admits all the allegations of the declaration which are well pleaded, it must be considered as admitted that a town meeting was duly called by the requisite number of freeholders to vote upon the question of issuing the bonds to aid in the construction of the railroad; that the town meeting was duly held, and a large majority of the votes cast in favor of the measure; that the town authorities (that is, the board of town auditors) directed the supervisor to issue and deliver the bonds, and they were issued accordingly, and delivered to persons authorized by the railroad company to receive them in its behalf. It seems to me this is enough to make the bonds valid and binding in the hands of the railroad company to whom they were voted, without passing upon the question of whether plaintiffs are shown by the averments to be *bona fide* purchasers of the bonds for value.

In the argument much stress was laid upon the insufficiency of the certificate of the clerk as to the proceedings and result of the town meeting; but the averments which precede that certificate are so ample and broad as to make the clerk's certificate merely surplusage. Copying the clerk's certificate into the declaration was only pleading the evidence, and not pleading it all; that is, the averments of the declaration show that more was done than is set out in the clerk's certificate. For illustration, it is urged that the clerk does not state that a moderator was chosen to preside at the meeting; but it is averred that a moderator was duly chosen, and presided, and it seems to me that plaintiffs will be allowed to show this fact by any competent proof. Three suits have been brought, two of which have been to the supreme court of Illinois, and one to the supreme court of the United States, in which this issue of bonds was involved; although it may perhaps be hereafter held that none of them have gone so far as to hold the bonds valid and binding upon the town, so as to cut off the discussion and consideration of their validity in this case.

It is also objected that the plaintiffs show no title to the bonds. The averments in this particular are, in substance, that the bonds were issued and delivered to the firm of Joseph E. Young & Co.,—said firm being composed of Joseph E. Young, William D. Judson, and Amos Tenney; and the declaration contains the further averment that Young was duly adjudicated bankrupt in 1876, and the plaintiff Pierce appointed his assignee; and the plaintiffs in the suit are Pierce, assignee of Young, and Judson and Tenney. It is true, the declaration also goes on to say that the interest of Young is now owned by Stebbins, and that other persons have become equitable owners of the interests of Judson and Tenney; but the legal effect of this statement is to show that the legal title to the bonds is still in the members of the firm of Young & Co., so that Pierce, assignee, Judson, and Tenney are the proper parties plaintiff, and the mention of the equitable interests of Stebbins and others in the bonds is really no part of the pleadings. Upon the whole, then, I think enough

is set out in the declaration to show a right of action in favor of plaintiffs on these bonds.

The demurrer is overruled, with leave for defendant to plead within one week, if it elects so to do.